CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FIFER, et al., ) | |
| ) | |
| Appellants, ) | Case No. 7:24-cv-885 |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER MICALE, ) | By:   Michael F. Urbanski |
| Chapter 13 Trustee, ) | Senior United States District Judge |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

Teresa Diane Fifer and Robert Earl Fifer, <u>pro se</u>, appeal the United States Bankruptcy Court's December 10, 2024, order of dismissal of the Fifers' voluntary petition for relief under Chapter 13 of the Bankruptcy Code. ECF No. 1. For the following reasons, the bankruptcy court order will be affirmed.

### I.   Background

On November 20, 2024, Teresa Diane Fifer and Robert Earl Fifer (collectively "the Fifers") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. ECF No. 1, Case No. 24-70884 (Bankr. W.D. Va. Nov. 20, 2024). On November 21, 2024, the bankruptcy court ordered the Fifers to correct a number of deficiencies in their filing by December 4, 2024, or the case would be dismissed. ECF No. 6, Case No. 24-70884 (Bankr. W.D. Va. Nov. 21, 2024) (ordering that the deficiencies must be corrected within fourteen days from the date the petition was originally filed). The November 21, 2024, order included a notice to the Fifers that they had failed to file "a certification that the Debtor(s) has received an approved credit counseling briefing in the 180 day period ending on the date of filing of

the petition or a certification of exigent circumstances." Id. at 2. On December 4, 2024, the Fifers filed some of the missing documents, alongside a motion to extend the December 4th deadline, and a motion to waive the filing fee. See ECF Nos. 12-14, Case No. 24-70884 (Bankr. W.D. Va. Dec. 4, 2024). On December 5, 2024, the clerk of the bankruptcy court noted multiple deficiencies in the Fifers' December 4, 2024, filing. See ECF No. 15, Case No. 24-70884 (Bankr. W.D. Va. Dec. 5, 2024); see also ECF No. 16, Case No. 24-70884 (Bankr. W.D. Va. Dec. 7, 2024) (certificate of mailing of ECF No. 15 to the Fifers). The Honorable Paul M. Black of the bankruptcy court entered an order on December 10, 2024, dismissing the case as to the Fifers. See ECF No. 17, Case No. 24-70884 (Bankr. W.D. Va. Dec. 10, 2024) (hereinafter "the Order"). In the Order, Judge Black noted as follows:

> Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, an individual may not be a debtor unless, "during the 180-day period ending on the date of filing of the petition," he or she "received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1). Section 109(h) is clear that in the absence of credit counseling in the 180 days preceding the filing, or a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain counseling within seven days of the request, the certification is insufficient, leaving the court with no choice but to dismiss the case. In re Louredo, No.05-15846-SSM, slip op. at 1–2 (Bankr. E.D. Va. Nov. 16, 2005) (citing In re Watson, 332 B.R. 740, 747 (Bankr. E.D. Va. 2005)). As the Debtors have not filed any document showing that they received the required credit counseling certificate, they are not eligible to be Debtors.

Id. at 2-3. Judge Black found that because the Fifers had not filed a certification of credit counseling or a certification of exigent circumstances justifying a temporary waiver in their December 4, 2024, corrective filings as required by 11 U.S.C. § 109(h), "they are not eligible to be Debtors." Id. at 3. Judge Black added:

> The Court notes that these Debtors are repeat filers in this Court. They owe filing fees from at least four prior cases... plus the filing fees owed in this case. The filing of any new petition by Mr. Fifer was previously conditioned upon the payment of all outstanding fees by an Order entered January 2, 2015 in Case No. 14-71694 and any new filing by both Debtors was conditioned upon the payment of all outstanding fees by an Order entered May 27, 2016 in Case No. 16-70642.

Id. at 2 n.1. Judge Black subsequently ordered that any new petition filed by either of the Fifers is "further conditioned upon the payment of all outstanding filing fees owed to this Court as of the date of the filing of any new petition," and that "upon the trustee filing a final report herein, the same shall be deemed approved without further order." Id. at 3.

On December 13, 2024, the Fifers filed motions to reconsider the dismissal of their case before the bankruptcy court. See ECF Nos. 19-20, Case No. 24-70884 (Bankr. W.D. Va. Dec. 13, 2024). On December 16, 2024, the bankruptcy court scheduled a hearing to be held in January 2025 on the motions to reconsider. See ECF No. 21, Case No. 24-70884 (Bankr. W.D. Va. Dec. 16, 2024). The next day, the Fifers filed a notice of appeal to the United States District Court for the Western District of Virginia. See ECF No. 23, Case No. 24-70884 (Bankr. W.D. Va. Dec. 17, 2024). The district court received the Fifers appeal on December 18, 2024. See ECF No. 1, Case No. 7:24-cv-00885 (W.D. Va. Dec. 18, 2024). In their appeal, the Fifers sought review of the bankruptcy court's December 10, 2024, order on the grounds that the Fifers did not receive any rulings that advised them of which materials they had failed to include in their filing. ECF No. 1-1 at 4, Case No. 7:24-cv-00885 (W.D. Va. Dec. 18, 2024). The Fifers also request that a new trustee be appointed, and/or that counsel be provided to them. ECF No. 1-1 at 5, 7. In addition, the Fifers ask that fees related to their appeal to the district court be waived, and that any hearing be conducted in person and not over Zoom. Id. at 7-8, 10.

3

While their appeal was pending, the Fifers filed a motion to reopen their case before the bankruptcy court. See ECF No. 25, Case No. 24-70884 (Bankr. W.D. Va. Dec. 18, 2024). The bankruptcy court subsequently held a hearing on January 15, 2025, on the Fifers' motion to reopen their case, their motions to reconsider, and a fourth motion related to entering evidence to show cause. See ECF No. 40, Case No. 24-70884 (Bankr. W.D. Va. Jan. 15, 2025). The Fifers failed to appear to the January 15, 2025, hearing. See ECF No. 41 at 3, Case No. 24-70884 (Bankr. W.D. Va. Jan. 22, 2025) (discussing scheduling issues raised by the Fifers). Following the hearing, the bankruptcy court entered an order dismissing the Fifers' case with a bar to refiling for a period of one year. See id.

## II.   Standard of Review

The court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a)(1) and Rule 8001(a) of the Federal Rules of Bankruptcy Procedure. The court reviews the bankruptcy court's findings of facts for clear error and conclusions of law de novo. See In re Duncan, 448 F.3d 725, 728 (4th Cir. 2006) (citing In re Bogdan, 414 F.3d 507, 510 (4th Cir. 2005)). In cases reviewing dismissals for failure to meet the requirements of 11 U.S.C. § 109(h), district courts have found that bankruptcy courts do not exercise discretion in so dismissing. See In re Mitrano, 409 B.R. 812, 816-818 (E.D. Va. 2009) (finding that the standard applied by the bankruptcy court, that it "may not waive, modify or defer" the requirements of 11 U.S.C. § 109(h), was the correct standard in the Fourth Circuit as bankruptcy courts do not exercise discretion in dismissing a case for failure to comply with 11 U.S.C. § 109(h)); see also In re Dyer, 381 B.R. 200, 201-206 (Bankr. W.D.N.C. 2007) (discussing the lack of discretion, and noting, "Congress did not give bankruptcy judges the right to selectively enforce the § 109(h)

requirements under equitable principles."); In re Louredo, No. 05-15846-SSM, 2005 Bankr. LEXIS 2832, *2 (Bankr. E.D. Va. Nov. 16, 2005) (finding the bankruptcy court had "no choice" except to dismiss case where filer failed to meet the requirements of § 109(h)); In re Holsinger, 465 B.R. 775, 778 (Bankr. W.D. Va. 2012) (finding bankruptcy petition "must" be dismissed where debtor did not meet the requirements of § 109(h)); In re Williams, No. 13-51463, 2014 WL 457735, *1 (Bankr. W.D. Va. Feb. 4, 2014) (finding bankruptcy court is "without discretion" because "[t]he language contained in section 109(h) is unambiguous" when faced with debtor who did not meet the requirements of § 109(h)). To the extent the bankruptcy court exercises discretion, the court evaluates the bankruptcy court's choice for abuse of discretion. See Lawson v. Tice, 115 F. App'x 611, 612 (4th Cir. 2004) (citing Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir.1989)); see also Cody v. Micale, No. 7:19-CV-00433, 2019 WL 5967962, at *2 (W.D. Va. Nov. 13, 2019) (applying abuse of discretion standard). "A court abuses its discretion when its conclusion is 'guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'" In re Jemsek Clinic, P.A., 850 F.3d 150, 156 (4th Cir. 2017) (quoting Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999)).

### III. Discussion

The Fifers argue on appeal that the bankruptcy court erred in dismissing their case because the Fifers were never advised by the bankruptcy court which documents they were lacking. See ECF No. 1-1 at 4, Case No. 7:24-cv-00885 (W.D. Va. Dec. 18, 2024). The Fifers also requested that a new trustee be appointed, that counsel be provided to them, that fees related to their appeal to the district court be waived, and that any hearing be conducted in person and not over Zoom. Id. at 5-10. The Order from which the Fifers appeal is predicated

on the Fifers' failure to file "a certification of credit counseling or a certification of exigent circumstances justifying a temporary waiver." Order at 2. Thus, the court's analysis focuses on whether the bankruptcy court appropriately dismissed the Fifers' case based on this failure to file.

In order to qualify for relief under the Bankruptcy Code, an individual must, "during the 180-day period ending on the date of filing of the petition by such individual, receive[] from an approved nonprofit budget and credit counseling agency … an individual or group briefing … that outline[s] the opportunities for available credit counseling." 11 U.S.C. § 109(h)(1). This requirement does not apply:

> [T]o a debtor who submits to the court a certification that—(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1); (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and (iii) is satisfactory to the court.

Id. at § 109(h)(3)(A). "If an individual is not eligible as a debtor under § 109(h)(1), then 'it is fitting for the bankruptcy court to dismiss the case.'" Cody, 2019 WL 5967962, at *2 (quoting In re Stinnie, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016)); see also In re Mitrano, 409 B.R. 812 at 818 ("[T]he Fourth Circuit has made clear that plain statutory requirements should be applied as written… The requirements of Section 109(h) are clear and unambiguous. The Bankruptcy Court did not have the discretion to ignore, modify, or defer them in [t]his case, except in the limited circumstances set forth in Sections 109(h)(2), (3) and (4)." (internal citations omitted)).

Here, appellants do not appear to dispute that they failed to file the certifications discussed in the Order. See generally ECF No. 1-1, Case No. 7:24-cv-885 (W.D. Va. Dec. 18,

2024). Rather, appellants take issue with the alleged lack of notice they received from the bankruptcy court regarding their failure to file their petition with the proper materials. See id. at 4 ("Motion to appeal [bankruptcy decision] based on we never got any rulings what I was missing if I was missing."). The bankruptcy court issued an order of deficiency on November 21, 2024, and the order was docketed on the bankruptcy court's CM/ECF website the same day. See ECF No. 6, Case No. 24-70884 (Bankr. W.D. Va. Nov. 21, 2024). The order of deficiency also was mailed to the Fifers via First Class Mail on November 23, 2024. ECF No. 10, Case No. 24-70884 (Bankr. W.D. Va. Nov. 23, 2024). The order of deficiency indicated to the Fifers that their November 20, 2024, petition was lacking certain information, including the certification of credit counseling or a certification of exigent circumstances justifying a temporary waiver. See id.

There is some question as to whether the Fifers received the mailed version of the deficiency order. See ECF No. 20 at 4, Case No. 24-70884 (Bankr. W.D. Va. Dec. 13, 2024) ("[W]e never got anything [stating] we were [] missing anything. We were supposed to get a[n] order in the mail [stating] if we were missing anything we would have a timeline to do it we never received anything."); ECF No. 22 at 2, 5-9, Case No. 24-70884 (Bankr. W.D. Va. Dec. 17, 2024) (the Fifers' show cause motion stating that on December 16, 2024, the Fifers checked their mailbox and found two letters from the bankruptcy court, one apparently dated December 5, 2024, stating the Fifers were missing certifications required under Bankr. W.D. Va. L. R. 1007-1 and 1009-1); ECF No. 23 at 3, Case No. 24-70884 (Bankr. W.D. Va. Dec. 17, 2024) ("We never got the order of creditors meeting until [Wednesday] 12/11/2024 our

mail carrier was sick the [substitute] driver was putting mail in [the] wrong mailbox."[1]). However, the Fifers' show cause motion explaining that they sometimes receive mail late does not discuss a late receipt of the bankruptcy court's November 21, 2024, order advising the Fifers that their filing was deficient for a variety of reasons, including that "[t]he petition was filed without a certification that the Debtor(s) has received an approved credit counseling briefing in the 180 day period ending on the date of filing of the petition or a certification of exigent circumstances." ECF No. 6, Case No. 24-70884 (Bankr. W.D. Va. Nov. 21, 2024). Additionally, the Fifers did file several additional materials after the November 21, 2024, order was issued that the order had highlighted were missing, which could indicate receipt of the order by the Fifers. See ECF No. 13, Case No. 24-70884 (Bankr. W.D. Va. Dec. 4, 2024) (the Fifers' supplemental December 4, 2024, filing included a variety of schedules that were listed as missing in the November 21, 2024, order, including Schedules E/F, G, H, I, and J, and Forms 106Sum, 106Dec, 107, and 122C-1). In fact, the Fifers filed, on December 4, 2024, all of the missing documents listed as missing on the first page of the deficiency order, and also noted in their December 4, 2024, request for an extension of the deadline to file that they needed a "few more days" to put together an additional document that was requested on the second page of the deficiency order. See id.; ECF No. 12 at 1, Case No. 24-70884 (Bankr. W.D. Va. Dec. 4, 2024) (noting they "need just a few more days to get the plan chapter 13 done"); ECF No. 6, Case No. 24-70884 (Bankr. W.D. Va. Nov. 21, 2024) (order listing missing documents). Though in their December 4, 2024, motion seeking an extension of the deadline

---

[1] The "order of creditors meeting" document the Fifers appear to reference here was mailed on November 22, 2024. See ECF No. 8, Case No. 24-70884 (Bankr. W.D. Va. Nov. 22, 2024). The order was entered on CM/ECF on November 20, 2024. See ECF No. 5, Case No. 24-70884 (Bankr. W.D. Va. Nov. 20, 2024).

to file, the Fifers also noted, "please let us know if we are missing anything that's why I asked for [an] extension on this case today," ECF No. 12 at 2, Case No. 24-70884 (Bankr. W.D. Va. Dec. 4, 2024), the fact that the Fifers filed all of the missing documents listed on page 1 of the November 21, 2024, deficiency order in their supplemental filing on December 4, 2024, and acknowledged an additional document listed on page 2 of the deficiency order as one they needed a few more days to prepare, is persuasive in finding that the Fifers likely did receive the November 21, 2024, order.

Assuming for the sake of argument that the Fifers did not receive the November 21, 2024, deficiency order from the court, the Fifers were still on notice of their obligation to file such certificates. See ECF No. 1 at 5, Case No. 24-70884 (Bankr. W.D. Va. Nov. 20, 2024). In the Fifers' original Chapter 13 filing, Teresa Fifer certified that "I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement." Id. Stated beneath this certification is a notice to Ms. Fifer that "[t]o ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case." Id. The notice then advises that the bankruptcy case may be dismissed "if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy." Id. The notice continues on to say that, should the court approve the temporary waiver, Ms. Fifer "must file a certificate from the approved agency," upon receipt of the briefing regarding credit counseling. Id. The notice advises, "[i]f you do not do so, your case may be dismissed." Id. On the same page, Robert

9

Fifer certified that "I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion." Id. Stated beneath this certification is a notice that Mr. Fifer should "[a]ttach a copy of the certificate and the payment plan, if any, that you developed with the agency." Id. Alongside these certifications, the Chapter 13 filing form advises:

> The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file. If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

Id. Thus, in addition to the bankruptcy court's November 21, 2024, order of deficient filing, the Fifers were on notice of the requirement to provide certifications regarding credit counseling and/or exigent circumstances by the text of the Chapter 13 forms.

Therefore, because the Fifers did not provide the required certifications, and do not explain their failure to so file, the district court agrees with the bankruptcy court and finds that the Fifers have not satisfied their obligations under 11 U.S.C. § 109(h). See Order at 2; see also Cody, 2019 WL 5967962 at *2-3 (affirming dismissal where debtor had not satisfied requirements of 11 U.S.C. § 109(h)(1)). Dismissal by the bankruptcy court was therefore appropriate, and the court finds no clear error or abuse of discretion, to the extent the bankruptcy court exercised discretion.

### IV. Conclusion

Because the order of dismissal was predicated on the Fifers' failure to file "a certification of credit counseling or a certification of exigent circumstances justifying a temporary waiver," Order at 2, and the Fifers do not dispute or explain in their appeal their

failure to file such certifications, the court **AFFIRMS** the order of the bankruptcy court. An appropriate order will be entered.

Entered: May 30, 2025

Michael F. Urbanski
Senior United States District Judge